## No. 363.  ORIENT TRUST COMPANY ET AL. v. ST. LOUIS UNION TRUST COMPANY.

**1.—Receiver—Mortgage Foreclosure—Compensation of Trustee.**

A deed of trust securing railway bonds provided for payment by the mortgagee of reasonable compensation for the trustee's services and expenses and fees to his attorneys in case of suit for foreclosure. An order of the court fixing an allowance for such compensation and fees is held to be made in the enforcement of such contract right, and not on any equitable ground which would give the sum allowed precedence of payment as costs of suit.

**2.—Same—Priority of Claims.**

A judgment of foreclosure of a deed of trust securing railway bonds classed the claims to be satisfied thereby as follows: A, operating expenses; B, labor liens; C, liens for materials furnished; D, bonded indebtedness; E, unsecured claims. Held, that an allowance of compensation to the trustee and his attorneys, made by the court in pursuance of the right thereto given by the deed of trust, did not take precedence, as operating expenses or costs, over receiver's certificates issued for money to pay claims assigned to classes B. and C. and given the same priority as the claims discharged. The right to such allowance rested on the mortgage contract and was postponed to claims having precedence of those secured thereby.

*A. N. Gossett, F. H. Prendergast, T. S. Miller* and *A. H. Mc-*

*Knight,* for appellant.—The court was without power or authority to make an order giving the receiver's certificates priority in payment over the personal allowances made to the plaintiff trustee and the allowances made for the benefit of its counsel and attorneys. Barton v. Barbour, 104 U. S., 134; Miltenberger v. Logansport Ry. Co., 106 U. S., 286; Union Trust Co. v. Illinois Midland Ry. Co., 117 U. S., 434; St. Louis, A. & T. H. Ry. Co. v. Cleveland, C. C. & I. Ry. Co., 125 U. S., 658.

LEVY, ASSOCIATE JUSTICE.—This appeal is one in a series of appeals here by creditors from a decree of the court classifying their claims and directing payment out of the proceeds of sale of the Texas Southern Railway Company properties under foreclosure in receivership proceedings. It is by the United States & Mexican Trust Company, Trustee (now Orient Trust Company), plaintiff in the receivership proceedings, joined by its attorneys, from the final order of the court refusing a motion to direct the payment out of the proceeds of the sale of the railway, as costs, of certain allowances made to the said trustee and its attorneys. The only contesting creditor in the record to the motion of the appellant trustee is the St. Louis Union Trust Company, the holder of the receiver's certificates. A full statement of the receivership proceedings and the issuance of receiver's certificates is given in the appeal of the St. Louis Union Trust Company, this day decided, and here referred to.

It appears that the mortgage deed of trust executed to appellant trustee by the Texas Southern Railway Company to secure bonded indebtedness, and in suit, among other things, provided and agreed that the railway company, in event of suit to foreclose said deed of trust, should be bound for payment, and would pay reasonable attorney's fees, and also personal compensation to the trustee for its services as trustee, and its expenses incurred, and that the same should be secured by the deed of trust. Appellant trustee prayed for such contract compensation in its suit for foreclosure and appointment of a receiver. During the receivership proceedings, and before sale, the court, on said trustee's application therefor and on proof, fixed the amount of such compensation by an order to that effect. This statement is made in the record: "No question was or is made as to the propriety of the amounts of these allowances, and the question on this appeal being as to whether or not they should be paid in preference to receiver's certificates from proceeds of the sale of the corpus of the property, said proceeds applicable thereto being materially insufficient to pay such certificates, and this is to see whether this allowance should be first paid or not."

*After stating the case.*—Specifications of error, by proper assignments, challenge the ruling of the court in not directing the payment of appellant trustee's demand as costs. To have directed the payment as costs would, in the record, have given the demand the priority payment out of the proceeds of the sale to the detriment of the receiver's certificates in question. The petition in the receivership

proceedings filed by appellant trustee had for its purpose and object a foreclosure of the mortgage on the railway properties, securing the bonded indebtedness, and the appointment of a receiver as a means of placing the properties in the custody of the court for purposes of foreclosure. It could still be said, however, from the record made in the case, that the case as made by many interventions during the proceedings became and was at last an action to adjust the rights and liens and claims of all creditors of the railway company, and that the proceedings were for the benefit of all such persons. In this view, if it could be said from the record that the several allowances made by the court to appellant trustee were made and so classified by the court as compensation to the plaintiff in the action for its expenses and attorney's fees because of equitable grounds that such expenses and attorney's fees inured to the common benefit and use of all persons in the suit, then appellant probably would be warranted in moving for a priority payment as costs. But we feel constrained by the record to the ruling that the compensation so made to the appellant trustee by the court was not made to it on or in right of the equitable ground appearing, but that such compensation was sought by the appellant and the amount fixed by the court in its order, and its payment directed, under and by virtue alone of the contractual clause in the mortgage of the railway company to said trustee providing and agreeing to such compensation. This order makes the question before us one of contract right, and not adjustment of equities. The court's order fixing the compensation, among other things, recites: "There coming on to be heard the request of the plaintiff trustee for allowance to be made at this time for the use and benefit of its counsel and attorneys, T. S. Miller and Cook & Gossett, and for services rendered by them as such in the cause, and it appearing that in the mortgage deed of trust executed by defendant to plaintiff it is, among other things, provided and agreed that defendant, in the event of suit to foreclose said deed of trust, should be bound for payment and would pay reasonable attorney's fees, and also compensation to plaintiff for its services as trustee, and that the same should be secured by said deed of trust; and the court having heard the evidence, and being fully advised in the premises, does now find that the services rendered . . . are reasonably worth," and then proceeds to fix the amounts and classify them as a lien in rank prior to the bonded indebtedness and payable out of the corpus sale "next in rank to class 'C' claims according to the plan of specification adopted in this cause." In this order the court reserved power and jurisdiction to thereafter fix and make allowances to the trustee for its services as trustee, and to make further reasonable allowances to plaintiff for its attorney's fees. On June 20, 1907, and before sale of the properties, the further allowances were made by the court on the application of the trustee, and the order recites: "And the court finds that the plaintiff is entitled to reasonable allowances for its expenses, personal compensation and attorney's and counsel fees, to be paid from the corpus of the property in the mortgage to it by the defendant, by the mortgage deed of trust sued on and foreclosed in this cause." Holding, as we do, that appellant's right to

the compensation allowed it by the court must rest upon its contract with the railway company, and it being a valid contract between the parties thereto, it follows that the power of the court was invoked to fix the reasonableness of the amount of the compensation and to decree its payment as a lien as provided in the contract out of' the proceeds of sale. This power the court exercised, as shown, and made the amount determined payable out of the proceeds of the sale as a lien of rank prior to the bonded indebtedness "next in rank to class 'C' claims according to the plan of specification adopted in this cause." Having in its petition sued and prayed for such compensation and allowances, and the court by the decree of March 21, 1905, as referred to, having awarded same under such pleading and the terms of the contract plead, and having fixed the status of its payment out of the corpus sale, and this decree being final, we think, in this respect of its rank of payment, we would not be warranted in ruling that the court erred in refusing to direct the payment of the demand as costs and in a higher rank than the certificates. We have ruled that the certificates were, by the terms of the order authorizing their issuance, payable out of the corpus sale as classes "B" and "C." This was in accordance with the "plan of specification adopted in this cause," as recited in the decree awarding appellant trustee's compensation.

Appellant trustee contends that the final decree of foreclosure of September, 1904, settled and fixed its primary right to payment out of the proceeds of sale in priority of "B" and "C" claims, which the certificates represent, and are by the terms of the order of issuance payable as and in their rank, and that this decree was final. The decree just mentioned was the final decree of foreclosure and under which the sale occurred. The first sale under this decree failed for want of bidders, and was made on a subsequent date, fixed by the court, in 1908. This decree provides that the deed of trust be foreclosed and the property sold, and that out of the proceeds of the sales there should be paid (1) "the cost and expenses of this action, including any and all allowances that the court may hereafter make, and power and jurisdiction and control of the case is expressly retained for such purpose and the determination of such now deferred to a future time." It then provides for the payment of other matters in the order of classification, including "B" and "C" class claims. It also provides that class "A" claims are to be paid from the earnings of the receiver as part of his operating expenses and charges, and, failing the sufficiency of the same, then first from the proceeds of the sale of the mortgaged property then directed to be made. It also provides: "The court expressly reserves jurisdiction and control of this cause for the purpose of fixing, determining and allowing compensation to be allowed to the officers of the court and their assistants, employes and counsel, and for plaintiff's compensation as trustee and expenses of this action and its attorney's and counsel fees, and to direct the same to be paid from the proceeds of said sale." It is these provisions of the decree as quoted above that appellant trustee relies on as fixing the status and rank of its allowances. We do not think the provisions of the decree quoted, properly construed and considered in the light of the issues made in the petition, could be ruled to have

fixed and provided the status and rank that the contractual compensation and allowances to the appellant trustee were to have and occupy as to payment out of the proceeds of sale. The decree, we think, by its terms, in order to make a final judgment disposing of all matters plead in the petition, reserved jurisdiction and power over the same to dispose of, at a later term, the petitioner's prayer for contractual compensation and allowances. It expressly provides that jurisdiction is reserved and retained to determine and fix the compensation to be allowed "for plaintiff's compensation as trustee and expenses of this action and its attorney's and counsel fees, and to direct the same to be paid from the proceeds of sale." If the original decree of foreclosure had failed to dispose of all issues plead, of which this contractual clause in the mortgage in question was one, and had failed to reserve the power and jurisdiction to dispose of such issues, then such decree could not have been held a valid final decree. This reserved power and control over the decree enabled the court to make the decree of allowances to appellant, as plead by it, as supplemental to the original decree and a part thereof. The decree was final except as to the particular matter therein specially reserved for further determination. This further determination, we think, was to fix the primary rights of the appellant, as well as the details thereof. If an appeal had been attempted by any party having such right from the decree of foreclosure upon the ground that the court erred in fixing the status and rank of the appellant's compensation and allowances first out of the corpus sale, it would, we think, have been an appeal without effect. It would have been an appeal without effect, because the decree on its face would show a failure to adjudicate and determine such contractual allowances, and an express reservation of power and jurisdiction thereafter to do so. The provision of the decree provided: "And all allowances that the court may hereafter make and order" should first be paid from the proceeds of the sale. To give effect and proper meaning to the decree in its entirety, this would properly be inferred as meaning such allowances as the court could and would be required to make outside and independent of this particular alleged contractual compensation. Appellant's compensation was not an allowance by the court. It was an amount due and recoverable by express terms of the contract against the railway company, as much so as any other debt or attorney's fees in a note. This supplemental decree, under reserved power and jurisdiction of the court, of March, 1905, it must be ruled, we think, was a final decree, and the part of the foreclosure decree that fixed the status and rank of appellant's demand. This decree being unappealed from, and not set aside by proceedings for such purpose, it became and was final, and could not be changed or modified by the court at a subsequent term. It follows that the order of July, 1907, changing the classification to court costs was without the power of the court to do so, and appellant could not predicate any legal rights upon such order. We are of opinion, therefore, that as the decree of the court properly classified and made payable the demand of appellant "next after the class 'C' claims," and the certificates in question being made payable as "B" and "C" class claims, this court would not be warranted in holding that the court erred in

refusing the motion of appellant to direct payment of its demand ahead of "B" and "C" class claims as costs of court.

The judgment was ordered affirmed.

*Affirmed.*

Writ of error refused.